**EXHIBIT B**
**DECEMBER 1ST LETTER**

#101850651v6



**Joseph E. Bain**
D:  713.437.1820
F:  713.437.1917
jbain@joneswalker.com

December 1, 2023

*Time Sensitive*

**Via E-mail (Pat@sheehanramsey.com)**

Patrick A. Sheehan
Attorney
Sheehan & Ramsey, PLLC
429 Porter Avenue
Ocean Springs, MS 39564

Re:   *In re Escambia Operating Company, LLC*, Case No. 23-50491-JAW (jointly administered), (collectively such jointly administered bankruptcy cases being the **"Escambia Bankruptcy Case"**) and *In re Blue Diamond Energy, Inc.*, Case No. 23-50490-JAW (the **"Blue Diamond Bankruptcy Case"**), each as pending in the United States Bankruptcy Court for the Southern District of Mississippi (the **"Bankruptcy Court"**)

Counsel:

As you are aware, this Law Firm is proposed counsel to Drew McManigle in his capacity as the duly-appointed chapter 11 trustee (in such capacity, the **"Trustee"**) of Escambia Operating Company, LLC and Escambia Asset Company, LLC (collectively, the **"Escambia Debtors"** and together with Blue Diamond Energy, Inc., the **"Debtors"**).  We understand that you represent Blue Diamond Energy, Inc., Thomas Swarek, and/or various other entities owned and/or operated by Mr. Swarek.

**A. DEADLINE FOR SUBMITTING AN OFFER REGARDING CERTAIN PERSONAL PROPERTY [DEADLINE: NOON CT ON WEDNESDAY, DECEMBER 6, 2023].**  I write to you in connection with certain personal property (the **"Personal Property"**) described in the *Joint Motion of Perfection Global LLC and Waupaca Foundry, Inc. for Relief from the Automatic Stay and Abandonment* (the **"Lift Stay Motion"**) filed on October 5, 2023, as Docket No. 455 in the Blue Diamond Bankruptcy Case.

As you may be aware, Mr. Swarek has made various comments to the Trustee and to his various advisors regarding the value of the Personal Property and of Mr. Swarek's desire to purchase the Personal Property and/or to facilitate a transaction involving the Personal Property.

As an initial matter, we are aware that Mr. Swarek used no less than $1,800,000 of cash belonging to the Escambia Debtors to purchase certain of the Personal Property pursuant to that certain *Guaranteed Auction Sale Agreement* dated March 1, 2023 by and between Perfection Global LLC (**"Perfection"**) and

#101835640v4

LETTER TO P. SHEEHAN – PAGE 2

Waupaca Foundry, Inc. and Perfection's terms of sale.[1]  This misuse of estate resources was (A) not approved by the Bankruptcy Court, *but see* 11 U.S.C. § 363(b), and (b) potentially a material breach of Mr. Swarek's fiduciary obligations to the Escambia Debtors and their stakeholders.  *See, e.g., In re Hous. Reg'l Sports Network, L.P.*, 505 B.R. 468, 480-82 (Bankr. S.D. Tex. 2014) (quoting *In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir. 1999)) (holding that post-petition fiduciary obligations require "managing the debtor's estate in the best interest of creditors").[2]  The Trustee reserves all rights regarding any causes of action.

Notwithstanding the forgoing, I understand that Mr. Swarek has reached out to the Trustee's proposed financial advisor, MACCO, in an attempt to negotiate some sort of "deal" to purchase and/or to facilitate the sale of the Personal Property.

The Trustee has a fiduciary obligation to maximize the value of the Escambia Debtors' estates and thus the Trustee will consider any offer that Mr. Swarek wishes to make concerning the Personal Property.  However, given certain concerns regarding a lack of transparency pertaining to the manner in which the Debtors' estates have been administered up until the appointment of the Trustee, the Trustee will only consider an offer from Mr. Swarek if it is:

- reduced to a writing that includes all terms and discloses the proposed source of payment, including any proposed financing from a third-party; and

- delivered by electronic mail to jbain@joneswalker.com, jbarber@joneswalker.com, ogreenberg@joneswalker.com, and edeleon@joneswalker.com on or before **Noon CT on Wednesday, December 6, 2023** (the **"Deadline"**).

As you are aware, the Lift Stay Motion is scheduled to be considered by the Court at a hearing scheduled to commence at 10:00 a.m. on December 12, 2023 (the **"December 12th Hearing"**).  As such, any offer must be received by no later than the above-described Deadline so that the Trustee may give such offer due consideration prior to the December 12th Hearing.

---

[1] *See* Lift Stay Motion at 3 ¶¶ 6-10; *see also* Response to Joint Motion of Perfection Global, LLC and Waupaca Foundry, Inc. for Relief from the Automatic Stay and Abandonment [Escambia Bankruptcy Case Docket No. 151 at 1 ¶¶ 6-10] (admitting these paragraphs from the Lift Stay Motion).

[2] What is more, the Trustee continues to learn of grossly negligent actions on the part of Mr. Swarek during his management of the Escambia Debtors.  The most recently-learned infraction (as of my writing this letter) is that Mr. Swarek apparently allowed the auto insurance for the Escambia Debtors' fleet vehicles to expire in September 2023 at which point Mr. Swarek chose not to renew such auto insurance.  Such actions clearly violate applicable state and federal law.  *See* Alabama Mandatory Liability Insurance Act Ala. Code § 32-7A-1 *et seq.*; *see also* 28 U.S.C. § 959(b) (" … a debtor in possession[] shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.").  Such actions also violate Mr. Swarek's prior fiduciary obligations to the Escambia Debtors and to their creditors. *Hous. Reg'l Sports Network, L.P.*, 505 B.R. at 480-82.

#101835640v4

LETTER TO P. SHEEHAN – PAGE 3

**B. TRUSTEE'S DEMAND FOR SWORN DECLARATION ATTESTING TO COMPLIANCE WITH OCTOBER 11TH ORDER [DEADLINE: NOON CT ON WEDNESDAY, DECEMBER 6, 2023].** Finally (and as you are aware), pursuant to *Agreed Order Resolving Breitburn Operating LP's Motion for Appointment of a Chapter 11 Trustee* (the **"October 11th Order"**), the Bankruptcy Court Ordered the following on October 11, 2023:

> ORDERED that, upon entry of an order of the Court approving the appointment of the Chapter 11 Trustees, each of the Chapter 11 Trustees shall have immediate access to and control over all funds held by and operations and assets of the respective Escambia Debtor over which such Chapter 11 Trustee has been appointed, ***including, without limitation, all bank accounts of such Escambia Debtor*** ….
>
> ORDERED that, the Escambia Debtors' management, employees and professionals shall cooperate in transitioning operation of the Escambia Debtors' businesses to the Chapter 11 Trustees and ***shall provide the Chapter 11 Trustees with immediate access to the Escambia Debtors' records, files and/or an other information requested by the Chapter 11 Trustees relating to the Escambia Debtors*** …
>
> ORDERED that, any assets owed by or titled to the Debtor, Blue Diamond Energy, Inc., that were purchased using funds by Escambia Operating, ***shall be deemed to be transferred to and property of the estate of Escambia Operating, without further action by the Chapter 11 Trustees or the Escambia Debtors*** ….
>
> ORDERED that, ***Thomas Swarek shall cooperate with the Chapter 11 Trustees to insure that all funds transferred from Escambia Operating and equipment acquired using funds held by Escambia Operating, that was transferred to, is owned by, and/or titled to Thomas Swarek, any affiliate of Thomas Swarek, or any entity that Thomas Swarek otherwise owns or controls, is promptly transferred free and clear of liens and claims to Escambia Operating, with all such funds and equipment being deemed property of the estate of Escambia Operation***.

[Blue Diamond Bankruptcy Case Docket No. 470] (emphasis added). At your earliest opportunity (**but no later than the Deadline described above**), the Trustee requires that Mr. Swarek deliver to me a sworn declaration testifying to Mr. Swarek's compliance with the provisions of the October 11th Order.[3] To the extent that Mr. Swarek has not fully complied with any provision of the October 11th Order, the Trustee expects such sworn statement to include an identification of all areas of non-compliance and a detailed explanation as to when Mr. Swarek intends to fully comply with the October 11th Order.

To the extent that Mr. Swarek, or any of his affiliates or entities owned or controlled by him, possess any property deemed to be property of either of the Escambia Debtors pursuant to the October 11th Order,

---

[3] The sworn declaration must also be delivered to jbain@joneswalker.com, jbarber@joneswalker.com, ogreenberg@joneswalker.com, and edeleon@joneswalker.com on or before the Deadline.

#101835640v4

LETTER TO P. SHEEHAN – PAGE 4

Mr. Swarek is hereby directed to immediately transfer such property to the Trustee.  *See* 11 U.S.C. §§ 541-42.

The Trustee intends to report on Mr. Swarek's compliance with the October 11th Order at the December 12th Hearing and/or at subsequent hearings before the Bankruptcy Court.  By this letter, the Trustee is inviting Mr. Swarek to supplement the Trustee's understanding regarding such compliance.  The Trustee reserves all rights regarding the October 11th Order.

If you have any questions about the contents of this letter, please do not hesitate in contacting either myself or my law partner Jeffrey R. Barber.

Sincerely,

Joseph E. Bain

JEB/JRB


cc:   Jeffrey R. Barber
      Olivia K. Greenberg
      Elizabeth W. De Leon

#101835640v4